STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0090

STATE OF LOUISIANA

VERSUS

DENARD LARRELLE RIDGLEY

*Judgment Rendered:* ___ SEP 1 5 2023

********

22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2057-F-2019

The Honorable Scott Gardner, Judge Presiding

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Meghan Harwell Bitoun<br>New Orleans, Louisiana | Counsel for Defendant/Appellant<br>Denard Larrelle Ridgley |

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

BEFORE: GUIDRY, C.J., CHUTZ AND LANIER, JJ.

**LANIER, J.**

The defendant, Denard Larrelle Ridgley, was charged by bill of information with theft when the misappropriation or taking amounts to a value of one thousand dollars or more but less than five thousand dollars, a violation of La. R.S. 14:67(A) & (B)(3). He pled not guilty and, following a jury trial, was found guilty as charged. The trial court originally sentenced the defendant to five years imprisonment at hard labor. Subsequently, the defendant admitted to the allegations in a habitual offender bill of information filed by the State and was adjudicated a fourth-felony habitual offender. The trial court vacated the original sentence and resentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence. The defendant now appeals, assigning error to the admission of trial testimony over an objection by the defense on the grounds of relevancy and to the six-person jury composition. For the following reasons, we affirm the conviction and sentence.

## STATEMENT OF FACTS

On July 23, 2019, at 3:52 p.m., Officer Benjamin Cato of the Mandeville Police Department was dispatched to look for a vehicle after a reported theft at an American Eagle Store, located at 3414 U.S. Highway 190 in Mandeville. According to France Carre, the store manager who was present at the time of the incident, the store was busy that day. She attempted to greet two patrons, a male and female, but they were "kind of rude." They began randomly grabbing clothing items without checking sizes or tags. Based on their behavior, Carre used her headset to inform the store team members that potential shoplifters were in the store. The male exited the store first, stating that he needed to get his credit card. The female initially waited near the entrance, before running out of the store with a stack of clothing items without paying for the items. Carre called the police.

2

Adaline Folse worked at the store next door to American Eagle at the time of the offense. On the day in question, when she arrived at work, she saw a man run through the parking lot, jump into an SUV parked in front of her, quickly pull out of the parking spot, and stop in front of American Eagle. Folse then saw a woman come out of the store with her arms filled with items and observed as the SUV door was opened from the inside. Folse was able to see some of the license plate letters and identify it as a Texas license plate. Folse entered the American Eagle store and provided the information to Carre.

Officer Cato was provided by dispatch with a description of the vehicle and was informed of the general area in which it was traveling. Officer Cato and Sergeant James Lord located the SUV on North Causeway Service Road, conducted a traffic stop, and arrested the driver, identified as the defendant, and the female passenger. A pile of American Eagle tagged clothing was located in plain view in the SUV. Officer Cato took custody of the defendant while Sergeant Lord took custody of the female occupant. Sergeant Cato advised the defendant of his **Miranda**[1] rights after placing him in the back of his unit. The defendant confessed to participating in the theft at American Eagle, specifically admitting that he knew that the female he was with had stolen the items.

## ASSIGNMENT OF ERROR NUMBER ONE

In assignment of error number one, the defendant argues that the trial court erred in admitting irrelevant testimony regarding merchandise from other stores that was found in the defendant's possession. He notes that only the merchandise that was taken from American Eagle was relevant to this case. He argues that the

---

[1] See **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

jury could have inferred that he stole from other stores and that there is a reasonable possibility that the error contributed to the verdict.

"Relevant evidence" is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Evid. art. 401. The trial court in deciding the issue of relevancy must determine whether the evidence bears a rational connection to the fact at issue in the case. **State v. Williams**, 341 So.2d 370, 374 (La. 1976); **State v. Harris**, 2011-0779 (La. App. 1st Cir. 11/9/11), 79 So.3d 1037, 1046. Except as limited by the Code of Evidence and other laws, all relevant evidence is admissible and all irrelevant evidence is inadmissible. La. Code Evid. art. 402. Although relevant, evidence may nonetheless be excluded if the probative value is substantially outweighed by its prejudicial effect. See La. Code Evid. art. 403. Ultimately, questions of relevancy and admissibility of evidence are discretion calls for the trial court and should not be overturned absent a clear abuse of discretion. **State v. St. Romain**, 2020-1072 (La. App. 1st Cir. 10/21/21), 332 So. 3d 114, 121.

Herein, the store manager at American Eagle, Carre, testified that the police recovered all of the merchandise that was stolen from American Eagle. She further confirmed that she reviewed the merchandise and provided the police with a receipt. She testified that the total cost of the items was $1,137.54 before taxes and confirmed that she was able to identify the items from her store based on the tags and labels. The State then asked: "Were there a couple of items that the police officers brought to you that they suspected had been stolen from your store, that you rejected as these were not stolen from your store?" The defense objected on the grounds of relevancy, the trial court overruled the objection, and Carre responded: "Yes ... [there] were, a lot of the items from American Eagle. But I remember specifically some items from Old Navy, Stein Mart ... And Goodwill ...

4

I remember specifically Goodwill tags..." Carre confirmed that she did not include the other items in the cash total for the value of the items stolen from American Eagle.

We find no abuse of discretion in the admission of the testimony at issue. Herein, the defendant was charged with theft at a value of $1000 or more but less than $5000. Thus, the State had the burden of proving that the total value of the items stolen from American Eagle was within that range. See **State v. Cobb**, 2013-1593 (La. App. 1st Cir. 3/27/14), 144 So.3d 17, 22. The testimony at issue was relevant to show the value of the items taken from American Eagle and explain to the jury that the store manager only included merchandise stolen from her store in arriving at the total value. Thus, the testimony at issue bears a rational connection to a fact at issue in the case. While the jury may have possibly inferred that the clothing from the other stores was stolen, there was no testimony indicating as such and any prejudicial impact of the evidence was outweighed by its probative value. See La. Code Evid. art. 403; see also **State v. Martin**, 2017-1100 (La. App. 1st Cir. 2/27/18), 243 So.3d 56, 64-65, writ denied, 2018-0568 (La. 3/6/19), 266 So.3d 901. Accordingly, we find no merit in assignment of error number one.

## ASSIGNMENT OF ERROR NUMBER TWO

In assignment of error number two, the defendant argues that he was entitled to a twelve-person jury, as the sentence for the instant conviction was enhanced pursuant to the habitual offender law, La. R.S. 15:529.1, subjecting him to a mandatory minimum sentence of twenty years imprisonment at hard labor.[2] Citing **Apprendi v. New Jersey**, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), the defendant argues the Framers of the United States

---

[2] The defendant inadvertently and incorrectly states in his brief that the sentence was imposed with a parole restriction and fails to state that the sentence was imposed at hard labor.

5

Constitution would not have allowed him to suffer a loss of liberty for twenty years absent a conviction by a unanimous vote of twelve of his fellow citizens. Conceding that he did not object to the jury composition below, he argues the error was structural.

Louisiana Constitution Article 1 § 17 and Louisiana Code of Criminal Procedure Article 782 provide that a case in which the punishment may be confinement at hard labor shall be tried before a jury composed of six persons. These provisions govern the number of persons comprising a jury, dependent upon the punishment in the criminal case involving the defendant's guilt or innocence. Herein, the defendant was properly tried by a six-person jury for the crime of theft at a value of one thousand dollars or more but less than five thousand dollars, a relative felony (a crime punishable with or without hard labor). See La. Const. art. I, § 17; La. Code Crim. P. art. 782(A); La. R.S. 14:67(B)(3). He now argues that since he was facing a mandatory hard labor sentence as a habitual offender, he was entitled to a twelve-person jury. See La. Const. art. I, § 17; La. Code Crim. P. art. 782(A). However, it was the instant charged offense that was determinative of the number of jurors defendant was entitled to for a trial by jury. **State v. Garrott,** 2015-0116 (La. App. 1st Cir. 11/9/15), 2015 WL 6951461, *6 (unpublished), writ denied, 2015-2288 (La. 3/4/16), 188 So.3d 1057, and writ denied, 2015-2346 (La. 1/9/17), 214 So.3d 873.

As noted, the defendant relies on the United States Supreme Court opinion in **Apprendi v. New Jersey**. The **Apprendi** Court held that the Sixth Amendment right to a jury trial requires that any fact (other than prior convictions) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.[3] **Apprendi**, 530

---

[3] In **Apprendi**, after the defendant was convicted, the prosecution moved under the New Jersey hate crime law to increase the applicable penalty range. **Apprendi**, 530 U.S. at 470-71, 120 S.Ct. at 2352. The New Jersey sentencing enhancement procedure allowed the matter to be tried

U.S. at 490, 120 S.Ct. at 2362-63. The **Apprendi** court set forth the "prior conviction" exception based on two considerations: (1) the historical role of recidivism in sentencing decisions; and (2) the procedural safeguards attached to a prior conviction. **Apprendi**, 530 U.S. at 488, 120 S.Ct. at 2361-62; **State v. Jefferson**, 2008-2204 (La. 12/1/09), 26 So.3d 112, 118.[4] In detailing the prior conviction exception, the **Apprendi** court stated, "recidivism 'does not relate to the commission of the offense' itself." **Apprendi**, 530 U.S. at 496, 120 S.Ct. at 2366 (quoting **Almendarez-Torres v. United States**, 523 U.S. 224, 244, 118 S.Ct. 1219, 1231, 140 L.Ed.2d 350 (1998)). The **Apprendi** court added, "there is a vast difference between accepting the validity of a prior ... conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." **Id.**

Herein, the enhancement of the defendant's sentence under the habitual offender law does not violate **Apprendi** but instead falls under the prior conviction exception. See **Jefferson**, 26 So.3d at 119 (**Apprendi** was not "directly concerned with deciding the circumstances under which prior adjudications of criminal conduct may be used to enhance the maximum sentence for a subsequent adult offense."). Specifically, the habitual offender law addresses recidivism, and the prior convictions used to establish the defendant's habitual offender status had their own procedural safeguards. Further, the defendant admitted to the allegations

---

by a judge and prescribed a preponderance of the evidence burden of proof. The United States Supreme Court found this scheme unconstitutional because it deprived the defendant of his Sixth Amendment right to have the jury determine whether or not the State had proven (beyond a reasonable doubt) his violation of the hate crime statute. **Apprendi**, 530 U.S. at 490-92, 120 S.Ct. at 2363.

[4] In **Jefferson**, the Louisiana Supreme Court held: "[T]he Sixth and Fourteenth Amendments, as construed in **Apprendi** and its progeny, do not preclude the sentence-enhancing use, against an adult, of a prior valid, fair and reliable conviction of a misdemeanor, obtained as an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to a jury trial." **Jefferson**, 26 So.3d at 122.

7

in the habitual offender bill of information. The fact that the defendant faced a sentence necessarily at hard labor as a habitual offender had no bearing on whether he was entitled to a six-person or twelve-person jury in a trial for the underlying offense. As explained by our supreme court in **State v. Sherer**, 354 So.2d 1038, 1040 (La. 1978):

> The habitual offender proceeding is not applicable until after a person has been convicted of a felony within this state. La. R.S. 15:529.1(A) and (D). Thereafter, the filing of an information accusing the convicted felon of a previous conviction(s) is discretionary with the district attorney. La. R.S. 15:529.1(D). Hence, the habitual offender proceeding is a separate proceeding applicable only after conviction and then at the discretion of the district attorney. It forms no part of the punishment of the criminal case involving defendant's guilt or innocence; therefore, it has no bearing on the determination of the number of persons comprising the jury for the trial of the case.

In accordance with the above, we find that the defendant was tried by the proper number of jurors and that the enhancement of his sentence under the habitual offender law based on prior convictions had no bearing on the number of jurors required for his trial in this case. Thus, we find no merit in assignment of error number two.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**